# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ANGELA MARIE KERR,**

    **Plaintiff,**

                      Civil Action 2:09-cv-1153
                      Judge Sargus
    **vs.**                      Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff's application for disability insurance benefits was partially denied by the Commissioner of Social Security and plaintiff sought review in this Court under 42 U.S.C. § 405(g). On February 8, 2011, the action was remanded, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for consideration of new and material evidence. *Order*, Doc. No. 23. Following remand, another administrative hearing was held, resulting in a fully favorable decision finding plaintiff disabled as of her original alleged onset date, *i.e.*, June 28, 2004.[1] *Joint Declaration of David Pence and Carter Zerbe in Support of Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)*, ¶14, Exhibit 1 ("*Declaration of Counsel*"), attached to *Motion for Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1)* ("*Motion for Attorney's Fees*"), Doc. No. 25. This matter is now before the Court on the *Motion for Attorney's Fees.* There is no opposition to the motion.

---

[1] A second application for benefits apparently also resulted in a fully favorable decision. *Memorandum in Support of Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b),* Doc. No. 26, p. 2.

1

Plaintiff's counsel, David Pence,[2] seeks an award totaling $20,097.25 and itemizes 37.7 hours of work in connection with litigation on plaintiff's behalf before this Court. *Declaration of Counsel,* ¶ 15; Exhibit 3, attached to *Motion for Attorney's Fees*. Mr. Pence's standard, non-contingency hourly rate is $250.00 per hour. *Id*. at ¶ 12. Plaintiff entered into a contingency fee agreement with her counsel and agreed to payment of attorney's fees from past-due benefits directly to her counsel. Exhibit 1, attached to *Motion for Attorney's Fees*. Counsel represents that past-due benefits amount to $80,389.00, *Memorandum in Support of Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b),* Doc. No. 26, p. 7, although counsel offers no evidentiary support for that representation. Plaintiff specifically agreed to the direct payment to her attorney of a fee pursuant to 42 U.S.C. § 406(b)(1) in the amount of $20,097.25. *Consent of Plaintiff/Claimant to Attorney Fee*, Doc. No. 27.

Section 406(b)(1)(A) of Title 42 of the United States Code provides that a court may allow, as part of its judgment, "a reasonable fee. . . not in excess of 25 percent of the. . . past-due benefits" awarded to the claimant. The United States Supreme Court has held that §406(b)(1)(A) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully

---

[2] Although two attorneys entered an appearance on plaintiff's behalf in this action, the *Motion for Attorney's Fees* appears to refer only to the work performed by Attorney David Pence. The itemization of work performed, Exhibit 3, attached to *Motion for Attorney Fee*, does not specify the attorney who performed each task. Moreover, both the *Motion for Attorney's Fees* and the *Memorandum in Support of Motion for an Award of Attorney Fees under 42 U.S.C. §406(b)*, Doc. No. 26, indicate that the request for fees is made by Attorney Pence and are signed by only Attorney Pence.

representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). However, courts must nevertheless review each such arrangement to assure that enforcement of the contingent fee agreement yields reasonable results. *Id.* For example, attorney misconduct or incompetence may justify a downward adjustment, as would a disproportionately large recovery. *Id.,* at 808. *See also Rodriguez v. Bowen,* 865 F.2d 739 (6th Cir. 1989).

This Court concludes that full enforcement of the plaintiff's contingent fee agreement with her counsel would yield an unreasonable result. An award in the amount sought would reflect compensation at an hourly rate of more than $530.00 per hour – *i.e.*, more than double Mr. Pence's standard, non-contingency hourly rate. Even taking into account the contingent nature of counsel's representation and the risks of loss and delay associated with that representation, such a premium is unwarranted. Significant, too, is the fact that counsel is also entitled to compensation for time spent in representing plaintiff before the Social Security Administration. *See* 42 U.S.C. § 406(a). Instead, the Court concludes that compensation of Mr. Pence at an hourly rate of $300.00 per hour, for an award of $11,310.00, will reasonably compensate him for his work performed on plaintiff's behalf before this Court and will at the same time recognize the contingent nature of his representation.

It is therefore **RECOMMENDED** that the *Motion for Attorney's Fees*, Doc. No. 25, be **GRANTED in part**. It is **SPECIFICALLY RECOMMENDED** that plaintiff be awarded an attorney's fee under 42 U.S.C. §406(b)(1) in the amount of Eleven Thousand, Three Hundred Ten Dollars ($11,310.00),

but in no event more than 25% of past-due benefits awarded to plaintiff.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                          *s/Norah McCann King*
                                               Norah McCann King
                                    United States Magistrate Judge

September 5, 2013
Date