UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANGELA MARIE KERR,**

    **Plaintiff,**

v.

Case No. 2:09-CV-1153
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah M. King

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Angela Marie Kerr's Objections, doc. 29, to the Magistrate Judge's September 5, 2013 Report and Recommendations, doc. 28. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the September 5, 2013 Report and Recommendation. Accordingly, Plaintiff's Motion for Attorney Fees, doc. 25, is **GRANTED** in part.

I.

Plaintiff submitted an application for disability insurance benefits, which the Commissioner of Social Security denied in part. Plaintiff then sought review in this Court under 42 U.S.C. § 405(g). The Magistrate Judge remanded the matter for consideration of new and material evidence according to Sentence 6 of 42 U.S.C. § 405(g). This remand led to a decision in Plaintiff's favor—an administrative law judge found her disabled as of her original alleged onset date of June 28, 2004. Plaintiff's counsel, Mr. David Pence, then moved for attorney fees. Doc. 25. He requested $20,097.25. *Id.* Magistrate Judge King issued a Report and Recommendation granting Plaintiff's motion in part. Specifically, the Magistrate Judge

1

recommended Plaintiff be awarded an attorney's fee under 42 U.S.C. § 406(b)(1) in the amount of $11,310.00. Plaintiff timely objects to the Magistrate Judge's decision.

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

In this case, Plaintiff moves for an award of attorney fees. When a Social Security claimant prevails, the presiding court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has provided guidance for determining reasonableness under § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The statute does not displace contingent-fee agreements, *id.* at 807, but it does "call[] for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." If the fee arrangement falls "[w]ithin the 25 percent boundary" set by statute, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 808. Courts judging a contingent-fee agreement may then adjust the award based on several factors, including result reached, quality of representation, whether the award amounts to a windfall for the attorney based on time spent, and the attorney's normal hourly billing rate. *See id.*

2

## III.

Magistrate Judge King's Report and Recommendation undertook the reasonableness analysis according to § 406(b)(1)(A). It noted that Plaintiff and her counsel proceeded on the basis of a contingency-fee arrangement. It also noted that § 406(b)(1)(A) prohibits attorney-fee awards in excess of one-fourth of the past-due benefits. Here, Plaintiff's counsel sought $20,097.25—exactly one-fourth of Plaintiff's past-due award of $80,389.00. After citing relevant case law, and citing courts' duty to review each fee arrangement to ensure reasonable results, the Magistrate Judge concluded the asked-for award unreasonable. The Magistrate Judge premised this conclusion on: (1) the amount sought reflected an hourly rate of $530.00, more than double counsel's standard rate; and (2) section 406(a) also entitles counsel to compensation for time spent in representing Plaintiff before the Social Security Administration. Accordingly, the Magistrate Judge concluded an hourly rate of $300.00—for a total of $11,310.00—a reasonable award for his work before this Court; and that this total would also adequately recognize the contingent nature of his representation.

Plaintiff's counsel objects and suggest a new award. He points to case law for the proposition that a total contingent-fee award is per se reasonable if it represents an hourly amount of less than twice that of the attorney's standard rate. He sets out the math for this case—37.7 hours multiplied by his standard hourly rate of $250 yields $9,425.00, and $18,850 when doubled. Instead of the original amount requested, counsel decreases doubled-rate award slightly, and asks for $18,000 given the labor-intensive nature of this particular case. Despite these arguments, the Court agrees with Magistrate Judge's analysis, and with the conclusion that $11,310 serves as a reasonable award for counsel's representation in this case.

First, the Court agrees with the Magistrate Judge's conclusion that a $20,097.25 counts as unreasonable under § 406(b)(1)(A). The Court also finds the Magistrate Judge's analysis underlying that conclusion sound. The Magistrate Judge properly weighed several relevant factors in reaching this conclusion—that the according hourly rate of the award was more than double counsel's standard rate, and that counsel still stood to gain from an award under § 406(a) for his representation. Despite the possibility of an additional fee award, the Magistrate judge awarded fees at an amount above that of counsel's normal hourly rate.

Counsel attempts to undercut this by pointing to *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) ("[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate . . . is less than twice the standard rate for such work in the relevant market."). The Supreme Court has since weighed in on this issue in *Gisbrecht*, which, as discussed, notes that reasonableness depends on several factors. Based on these factors, based on counsel's eligibility for further award under § 406(a), and based on the Magistrate Judge's reasoning, the Court agrees with the Magistrate Judge's conclusion: $20,097.25 would be an unreasonable award in this case, while $11,310 would not.

## IV.

For the foregoing reasons, Court **OVERRULES** Plaintiff's Objections, doc. 29, and **ADOPTS** the September 5, 2013 Report and Recommendation, doc. 28. Accordingly, Plaintiff's Motion for Attorney Fees, doc. 25, is **GRANTED** in part.

**IT IS SO ORDERED.**

10-4-2013
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

4